**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MALIK RAHMAN, also known as Melvin Smith, Jr.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MAINSTREET CREDIT UNION, et al.,**<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**No. 26-2158-KHV** |

**MEMORANDUM AND ORDER**

Plaintiff Malik Rahman, also known as Melvin Smith, Jr., filed this action pro se against Mainstreet Credit Union and Marci Walters. On April 28, 2026, U.S. Magistrate Judge Jennifer B. Wieland granted plaintiff's motion to proceed in forma pauperis under Section 1915 of Title 28 of the United States Code. Order Granting Motion To Proceed Without Prepayment Of Fees And Order To Show Cause (Doc. #5). Judge Wieland noted that plaintiff's complaint did not appear to state a claim and ordered him to show cause in writing to the U.S. District Judge why this matter should not be dismissed for failure to state a claim under 28 U.S.C. Section 1915(e)(2)(B)(ii). On May 4, 2026, plaintiff filed his response to the order to show cause. See Doc. #6. For reasons set forth below, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

When a plaintiff proceeds in forma pauperis, the Court may screen the complaint under 28 U.S.C. Section 1915(e)(2)(B). Section 1915(e)(2)(B) requires the Court to dismiss his complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The purpose of Section 1915(e)(2) is to discourage the filing of baseless lawsuits

that waste judicial and private resources. Buchheit v. Green, 705 F.3d 1157, 1161 (10th Cir. 2012).

Dismissal under Section 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal, plaintiff must therefore provide enough facts to state a claim for relief that is plausible on its face, and the Court need not accept allegations which state only legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Lyons v. Kyner, 367 F. App'x 878, 881 (10th Cir. 2010). Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Because plaintiff is proceeding pro se, the Court can only dismiss his complaint under Section 1915(e)(2)(B)(ii) if he obviously cannot prevail on his allegations and amending the complaint would be futile. Webb v. Caldwell, 640 F. App'x 800, 802 (10th Cir. 2016); Knight v. Mooring Capital Fund, LLC, 749 F.3d 1180, 1190 (10th Cir. 2014) (applying same standard under Rule 12(b)(6)). The Court must accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because plaintiff is proceeding pro se, the Court construes his filings liberally and holds him to a less stringent standard than trained lawyers. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, "pro se litigants are subject to the same rules of procedure that govern other litigants." DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). It is not the "proper function of the district court to assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110. Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement

of the claim showing that the pleader is entitled to relief[.]" In his "Statement of Claim" plaintiff references the Gramm-Leach-Bliley Act and the Right to Financial Privacy Act and alleges an "unauthorized disclosure" on December 1, 2023 by Mainstreet Credit Union and Assistant Manager Walters. Civil Complaint (Doc. #1) filed March 24, 2026 at 3. As support for his claim, plaintiff relies on Exhibit A (Doc. #1-1), a one-page document that appears to show a loan to Melvin Smith, Jr. with a balance of $1,626.48 and payment due December 2, 2023. Plaintiff does not explain the relevance of the exhibit, which does not mention Mainstreet Credit Union or Ms. Walters.

The complaint contains insufficient facts to assert a plausible claim or to establish this Court's jurisdiction. As the Magistrate Judge explained, the Gramm-Leach-Bliley Act does not create a private cause of action. See Dunmire v. Morgan Stanley DW, Inc., 475 F.3d 956, 960 (8th Cir. 2007). Under the Right to Financial Privacy Act, "[n]o financial institution . . . may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of" the Act. 12 U.S.C. § 3403(a). The complaint does not allege how Mainstreet Credit Union and Ms. Walters made an unauthorized disclosure, to which government authority they made the unauthorized disclosure, what information they disclosed, under what circumstances they made the disclosure and when they made the unauthorized disclosure. Plaintiff fails to make a facially plausible claim under the Right to Financial Privacy Act.

In response to the Court's order to show cause, plaintiff points the Court to his Motion For Summary Judgment (Doc. #4) filed April 22, 2026 and the two exhibits he attached to that motion—a Mainstreet Credit Union Account Card and a Social Security Benefit Statement. In ruling on the sufficiency of a complaint, the Court generally may not look beyond the four corners

of the complaint to consider extrinsic evidence. Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (sufficiency of complaint must generally rest on its contents alone). Even if the Court could consider plaintiff's motion for summary judgment and exhibits, they do not shed further light on plaintiff's claims.[1] Plaintiff has not alleged enough facts in his complaint to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678. Permitting plaintiff to amend the complaint would be futile. Webb, 640 F. App'x at 802. Plaintiff has had three opportunities to state a valid claim—his complaint, his response to the order to show cause and his motion for summary judgment—and he has failed to do. Plaintiff has not requested leave to amend his complaint or suggested that he can cure the deficiencies. For this reason, the Court finds that it would be futile to give plaintiff yet another opportunity to state a valid claim and dismisses his complaint under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that the Civil Complaint (Doc. #1) filed March 24, 2026 is **DISMISSED**.

Dated this 30th day of September, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] On June 1, 2026, the Court overruled plaintiff's motion for summary judgment as premature because the record did not reflect that defendants had been served, and the Magistrate Judge had not yet determined whether plaintiff's complaint should be dismissed for failure to state a claim. Text Order (Doc. #7).